# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff,<br><br>v.<br><br>ENRIQUE HURTADO,<br><br>    Movant/Defendant. | Case No. 2:08-CR-00102-KJD-LRL<br>             2:10-CV-01937-KJD-LRL<br><br>**ORDER** |

     Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence (#70) pursuant to 28 U.S.C. § 2255. In accordance with 28 U.S.C. § 2255 ("§ 2255"), the Court finds that a response from the Government is unnecessary, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Also before the Court are Movant's Motions for Appointment of Counsel (#67/#69/#73).

     Movant Enrique Hurtado ("Movant") is in federal custody serving a 534-month sentence imposed by this Court on convictions for armed bank robbery, bank robbery, use of a firearm during and in relation to a crime of violence, interference with commerce by armed robbery, and deported alien found unlawfully in the United States, in violation of 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2113(a), 18 U.S.C. § 924(c)(1)(A), 18 U.S.C. § 1951, and 8 U.S.C. § 1326. Movant timely filed the present motion on November 3, 2010. This Court has jurisdiction under 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2255, a prisoner may move this Court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

I.  Standard for § 2255

Construing pro se Movant's motion liberally, it appears he is arguing five grounds for relief. First, he was denied effective assistance of counsel at trial when: (1) his trial counsel made prejudicial comments during a Calendar Call; (2) his trial counsel failed to call any witnesses on his behalf, and; (3) his trial counsel advised him not to testify on his own behalf. Movant also argues two grounds of prosecutorial misconduct. Movant argues that evidence used against him at trial was tampered with. Movant also argues that both the prosecution and law enforcement tampered with and intimidated witnesses called to testify against him.

Since Movant failed to raise these claims on direct appeal, a § 2255 motion is only available if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982). A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991).  However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See id. at 752.

II.  Ineffective Assistance of Counsel at Trial

Movant asserts that his trial counsel rendered ineffective assistance by making prejudicial comments about the validity of going to trial, failing to call and investigate witnesses on the defendant's behalf, and advising him not to testify on his own behalf. To prove ineffective assistance of counsel, the Movant must show: (1) that his trial counsel's performance fell below an "objective

standard of reasonableness" and; (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984).

Movant argues that his trial counsel made prejudicial comments during a pre-trial Calendar Call on August 5, 2008, resulting in ineffective assistance during trial. During this Calendar Call, Movant's counsel said "[M]y client really has no business going to trial, but the charges are such and the time is such that it's his election. And – and so we find ourself in basically having to go through three days of – of trial and what might amount to a slow guilty plea." See Transcript of Proceedings, Docket #54, p. 3.

While Movant and his trial counsel may have disagreed whether to take this case to trial, Movant has failed to specify how the statements made by his counsel at the Calendar Call prejudiced his defense or affected the outcome of his trial. Disagreement between trial counsel and the clients they represent is common. However in the instant case, Movant must show that this particular disagreement caused his trial counsel's performance to fall below the objective standard of reasonableness and that because of his trial counsel's performance, a different outcome would have been obtained. See Raley v. Ylst, 470 F.3d 792, 799 (9th Cir. 2006). Movant has been unable to show that comments made during the Calendar Call harmed him in any way.

Movant also contends that his trial counsel was ineffective for failing to call witnesses on his behalf. Typically, a decision to call a witness to testify at trial is a strategic decision left to the judgment of trial counsel. Strickland, 466 U.S. at 681. These strategic decisions are generally not subject to post-conviction attack under Strickland. In order for this claim to be successful, Movant must distinguish whether his trial counsel failed to reasonably investigate and locate witnesses. Id. at 691. Here, Movant makes no allegations that trial counsel failed to locate and investigate potential witnesses. In his motion, Movant fails to identify a single witness who could create a potential alibi

1  or offer any exculpatory testimony. Therefore these decisions by trial counsel are assumed to be
2  reasonable and strategic and are "virtually unchallengeable." Id. at 690.

3  Finally, Movant alleges his trial counsel was ineffective for advising him not to testify in his
4  own defense. The right to testify at trial is a right enjoyed by all defendants, as is the defendant's
5  right to stay silent at trial. In order for Movant to be successful in this claim of ineffective assistance,
6  he must overcome the burden of showing that his trial counsel's advice to remain silent was
7  unreasonable. Id. at 691. Furthermore, when a defendant chooses to exercise his right to remain silent
8  at trial, this Court conducts what is known as "canvassing," where the Court questions the defendant
9  regarding his decision to remain silent. Movant was canvassed by this Court and asked whether his
10 choice to remain silent was one he made under his own free will. When asked by this Court whether
11 Movant understood the gravity of his decision to remain silent, Movant replied, "Yes, sir." Movant
12 also testified that he discussed this decision with his trial counsel and still wanted to remain silent.
13 See Transcript of Proceedings, Docket #53, p. 614-615. This Court concludes that Movant was aware
14 of his right to testify in his own defense and declined to pursue that right. This Court also concludes
15 that the advice given to Movant to not testify in his own defense was not unreasonable and clearly a
16 part of the strategy employed by Movant's trial counsel.

17 The three claims of ineffective assistance of counsel fail to meet the burden imposed by
18 Strickland. Movant has failed to show this Court that the comments made by trial counsel at
19 Calendar Call would have resulted in a different outcome at trial. Movant has also failed to show this
20 Court that trial counsel's failure to call witnesses were not part of a reasonable strategy. Finally,
21 Movant has failed to show this Court that his counsel's advice to remain silent at trial rose to the
22 level of unreasonable strategy.
23 ///
24 ///
25 ///

III. Prosecutorial Misconduct

Movant claims that his conviction was obtained by use of evidence that was tampered with. Further, Movant alleges that witnesses were intimidated and tampered with. However, both of these claims are frivolous.

Movant was convicted of multiple robberies, including robberies at a bank and a casino. Movant was captured on video surveillance during several robberies. At trial, multiple witnesses identified Movant both from the surveillance video and also from their contact with him during the robberies. Movant alleges that the video and fingerprint evidence admitted in court was tampered with or fraudulent. However, nothing in the record reflects the allegations made by Movant. Moreover, Movant failed to object to the admittance of any evidence at trial and failed to address these claims during direct appeal.

Movant also alleges that at trial, witnesses were tampered with and intimidated. Again, these allegations are not reflected in the record and Movant failed to address these claims at trial and at direct appeal.

Movant's failure to raise these claims on direct appeal procedurally bars him from raising the issue for the first time to collaterally attack his conviction. Furthermore, a collateral attack of one's conviction is a statutory right, not a constitutional one. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Movant cannot demonstrate cause and prejudice because trial counsel's failure to raise the issue of prosecutorial misconduct was objectively reasonable because there is no evidence that video and other physical evidence was tampered with and no evidence that witnesses were intimidated or tampered with. Moreover, Movant has presented no relevant evidence explaining how prosecutors tampered with the video evidence or tampered with and intimidated witnesses. This Court finds that these are simply spurious claims made by the Movant.

///

///

IV. Motion for Appointment of Counsel

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the Court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The Court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. See Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court has reviewed the documents and pleadings in this matter and finds that appointment of counsel is not warranted. The issues raised in Movant's underlying § 2255 motion are not complex and Movant has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, the Court finds that Movant is not entitled to counsel and his motion is denied.

V. Certificate of Appealability

A court may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To obtain a COA, a movant must meet the "substantial showing" standard with respect to each issue he or she seeks to raise on appeal. See id. § 2253(3); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). When the court has denied a movant's claims on the merits, the movant must demonstrate that jurists would find the district court's assessment of the claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Here, the Court must deny Movant a COA, because he has neither made a substantial showing of the denial of a constitutional right nor could Movant demonstrated that jurists would find the district court's assessment of the claims debatable or wrong.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence (#70) pursuant to 28 U.S.C. § 2255 is **DENIED**;

IT IS FURTHER ORDERED that Movant's Motions for Appointment of Counsel (#67/#69/#73) are DENIED;

IT IS FURTHER ORDERED that all other outstanding motions (#63/#65) are **DENIED as moot**;

IT IS FURTHER ORDERED that Movant is **DENIED** a certificate of appealability.

DATED this 31st day of May 2013.

_____
Kent J. Dawson
United States District Judge